JOHN R. HABASHY – SBN 236708
(john@lexiconlaw.com)
**LEXICON LAW, PC**
633 W. Fifth St., 28th Floor
Los Angeles, CA 90071
Telephone: 213-233-5900
Fax: 888-373-2107

Local Counsel for Plaintiff and the Proposed Class

Ryan M. Kelly -IL Bar 6257931 (Pro Hac Vice to be submitted)
(rkelly@andersonwanca.com)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

Counsel for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC B. FROMER CHIROPRACTIC, INC., a California corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CARD ONE INTERNATIONAL, INC., a California corporation,<br><br>Defendant. | Case No.: 2:19-cv-3462<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC., ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, CARD ONE INTERNATIONAL, INC. ("Defendant").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. Venue is proper in this District because Defendant committed a statutory tort within this district a significant portion of the events took place within this District.

## PRELIMINARY STATEMENT

3. This case challenges Defendant's practice of sending unsolicited advertisements by facsimile.

4. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227 (hereafter "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The Act provides a private right of action and statutory damages of $500 per violation. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the TCPA, including, but not limited to, the facsimile transmission of an unsolicited advertisement on or about February 26, 2019 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A and made a part hereof.

5. The Fax promotes the availability and quality of Defendant's property, goods, or services by way of offering two different pricing plans for its payment

processing services. Exhibit A. Pursuant to the Federal Communication Commissions (FCC's) 2006 Report and Order, *see In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 21 FCC Rcd 3787 at ¶ 52 (2006) (hereafter, "2006 Report sand Order"), the Faxes are advertisements under the TCPA.

6. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the TCPA.

7. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax intrudes into the recipient's seclusion and violates the recipient's right to privacy. Unsolicited faxes occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

8. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA.

9. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA, namely, (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA, and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by §

227(b)(3) of the Act in the event willfulness in violating the TCPA is shown.

## PARTIES

10. Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC. ("FROMER"), is a California corporation with its principal place of business located in Los Angeles, CA.

11. On information and belief, Defendant, CARD ONE INTERNATIONA, INC., is a California corporation, with its principal place of business in Los Angeles, California.

## FACTS

12. On or about February 26, 2019, Defendant sent an unsolicited facsimile to Plaintiff using a telephone facsimile machine, computer, or other device.  See Exhibit A.

13. Exhibit A states in part the following:

Card One International can offer you to choose from two pricing plans.

1. Interchange Pass through Plan which will be Interchange plus:…

2. Discount with enhanced billback:..

We will provide you with FREE machine and FREE equipment.

SERVICE:
-No service Fee Increases, No Batch Header Fees, True and Illustrated interchange
-All card Brands including discovery and American Express on one statement & deposited at same time

If you send us a copy of your current credit card processing statement, we can show you how much we can save you.

-----Learn more about Card One International, payment processing services at www.Card1.com.  The above mentioned fees are subject to change.  All terms and conditions including the Merchant Processing Application And Agreement can be found at 222.card1.com. THIS MESSAGE IS CONFIDENTIAL.  This e-mail message and any attachments are proprietary and confidential information intended only for the use of the recipient(s)

> named above.  If you are not the intended recipient, you may not print, distribute, or copy this message or any attachments.  If you have received this communication in error, please notify the sender by return e-mail and delete this message and any attachments from you

Exhibit A.

14. Exhibit A was sent to Plaintiff's facsimile machine.

15. Defendant created or made Exhibit A, or directed a third party to do so, and Exhibit A was sent by or on behalf of Defendant with Defendant's full knowledge and authorization.

16. On information and belief, Defendant receives some or all of the revenues from the sale of the property, goods, or services advertised on Exhibit A, and Defendant profits and benefits from the sale of the property, goods, or services advertised on Exhibit A.

17. Plaintiff did not give Defendant "prior express invitation or permission" to send the fax.

18. On information and belief, Defendant faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and more than 25 other recipients.

19. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

20. Defendant's facsimiles did not display a proper opt-out notice as required by 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

21. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property,

goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, and (4) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Class are Defendant, its employees and agents, and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

22. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

23. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

   a) Whether Defendant sent unsolicited fax advertisements;

   b) Whether Defendant's faxes sent to other persons, not the Plaintiff, constitute advertisements;

   c) Whether Defendant's faxes advertised the commercial availability or quality of Defendant's property, goods, or services;

   d) Whether Defendant faxed advertisements without first obtaining the recipient's prior express invitation or permission;

   e) Whether Defendant sent the unsolicited faxed advertisements knowingly or willfully;

   f) Whether Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

   g) Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations

promulgated thereunder, and the effect of the failure to comply with such requirements;

h) Whether Defendant should be enjoined from faxing advertisements in the future;

i) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

j) Whether the Court should award treble damages.

24. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same faxes as the faxes sent by or on behalf of Defendant advertising the availability and quality of goods and services of Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendant has acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

25. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

26. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

b) Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's

records and will not require individualized or separate inquiries or proceedings;

    c)    Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    d)    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    e)    This case is inherently manageable as a class action in that:

        (i)    Defendant identified persons or entities to receive the fax transmissions and it is believed that Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

        (ii)    Liability and damages can be established for Plaintiff and the class with the same common proofs;

        (iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

        (iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

        (v)    A class action will contribute to uniformity of decisions concerning Defendant's practices; and

        (vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

27.     <u>The nature of notice to the proposed class required and/or contemplated (L.R. 23-2-2 (g))</u>:  Plaintiff contemplates that any notice to the proposed class shall include the class definition as certified by the Court and specific directions on how a class member can opt out of the class if it/he so desires. If a class-wide settlement is reached, the notice shall include specific directions on how a class member will receive its/his share of the settlement and detailed instructions if it/he wishes to object to any part of the settlement.

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.***

28.     The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

29.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

30.     **Opt-Out Notice Requirements.**  The TCPA, as amended by the JFPA, strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

    1.     a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

    2.     a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future

faxes, by advising them that their opt-out requests will have legal "teeth";

  3. a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order, 21 F.C.C.R. 3787, 2006 WL 901720), which rules and regulations took effect on August 1, 2006. The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

31. **2006 FCC Report and Order.** The TCPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

  A. The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

  B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the

exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

        C.     The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements cannot claim the exemption from liability contained in § (b)(1)(C) of the Act.

32.    **The Fax**. Defendant sent the Fax on or about February 26, 2019, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class.  The Fax constituted an advertisement under the Act and the regulations implementing the Act.  Defendant failed to comply with the Opt-Out Requirements in connection with the Fax.  The Fax was transmitted to persons or entities without their prior express permission or invitation and Defendant is precluded from sustaining the established business relationship safe harbor with Plaintiff and other members of the class, because of the failure to comply with the Opt-Out Notice Requirements.  By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.  Plaintiff seeks to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

33.    **Defendant's Other Violations.**  Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent

via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone lines and facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission and without complying with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

34. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

35. Defendant knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services; (b) Defendant transmitted advertisements; and (c) the Faxes did not contain the required Opt-Out Notice.

36. Defendant's actions caused injury to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes occupied Plaintiff's and each class member's telephone lines and fax machines. Defendant's faxes cost Plaintiff and each class member time, as Plaintiff and its employees, as well as each class member and their employees, wasted their time receiving, reviewing and routing Defendant's unauthorized faxes. That time otherwise would have been spent on Plaintiff's and each of the class member's

business or personal activities. Defendant's faxes intruded into Plaintiff's and other class members' seclusion and violated their right to privacy, including their interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

WHEREFORE, Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CARD ONE INTERNATIONAL, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, trebled due to Defendant's knowing violation, whichever is greater;

C. That the Court enjoin Defendant from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

DATED: April 26, 2019          LEXICON LAW, PC

                               By: /s/John R. Habashy
                               JOHN R. HABASHY
                               LEXICON LAW, PC

                               Attorneys for Plaintiff